

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2008

# USA v. Anderson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2954

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Anderson" (2008). *2008 Decisions.* Paper 870.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/870

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2954

UNITED STATES OF AMERICA

v.

RAFIQ ANDERSON,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00421)
District Court Judge:  Honorable Bruce W. Kauffman

Submitted Under Third Circuit LAR 34.1(a)
July 3, 2008

Before:  RENDELL, SMITH and FISHER, <u>Circuit</u> <u>Judges</u>.

(Filed: July 9, 2008)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Rafiq Anderson appeals his conviction for possession of more than five grams of

cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B) and possession of a firearm in furtherance of a drug trafficking crime in

violation of 18 U.S.C. § 924(c)(1)(A). On appeal, he argues that the District Court erred in denying his motion to suppress. For the reasons that follow, we will affirm the denial of the motion to suppress and uphold the jury's verdict of conviction.

Because we write for the parties, we set out only those facts which are pertinent to our analysis. Anderson was arrested at his home pursuant to a valid arrest warrant on April 2, 2002. After arresting Anderson and detaining him in the rear of an Alcohol Tobacco and Firearms ("ATF") squad car, ATF agents obtained permission from Eddrenna Turner, Anderson's aunt and the owner and co-occupant of the home, to search the home. Turner signed a Department of Treasury Consent to Search Form. During this search, agents found a locked safe in Anderson's room. The safe was brought to the living room where all of the members of the household, with the exception of Anderson, were gathered. Each denied ownership of the safe.

The agents then asked Anderson if he owned the safe. Anderson, who had not yet been read his Miranda rights, denied ownership. Anderson was subsequently taken to the ATF office and given Miranda warnings. Thereafter, the agents asked Anderson on three additional occasions if he owned the safe; he denied ownership each time. The agents then forcibly opened the safe and discovered approximately 6.1 grams of cocaine base (crack), $1,066 in cash, one loaded handgun whose serial number had been scratched off, clear plastic baggies (with and without crack residue), a digital scale, and Anderson's social security card and birth certificate.

2

On July 17, 2002, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Anderson with one count of possession of more than five grams of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Anderson filed a motion to suppress the evidence found in the safe. The District Court denied the motion, reasoning that the search of the house was conducted subject to valid consent and that, although consent did not extend to the search of the safe, Anderson had abandoned the safe and could claim no privacy interest in it. Anderson then proceeded to trial and was found guilty of both charges by a jury.

On June 1, 2006, the District Court imposed a within-guidelines sentence of 160 months' imprisonment, a term of five years' supervised release, a $1,000 fine, and a $200 special assessment. Anderson filed this timely appeal.

On appeal, Anderson contends that the District Court erred in denying his motion to suppress.[1] First, he argues that evidence found in the safe should have been suppressed because the agents' warrantless search of his room was conducted without his consent or exigent circumstances and was therefore unlawful. This argument is without merit. The Fourth Amendment permits law enforcement officers to search a home without a warrant

---

[1] We review the denial of a motion to suppress for clear error as to the underlying factual findings and conduct plenary review of the application of the law to those facts. United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002).

when an individual with "authority" over the premises voluntarily consents to the search. Georgia v. Randolph, 547 U.S. 103, 109 (2006). A third-party has common authority over property when he or she has mutual use of or a substantial interest in it. See United States v. Matlock, 415 U.S. 164, 171 n. 4 (1971). Eddrena Turner, a co-occupant of the home and the only parental figure residing there, had common authority over the property and free access to Anderson's room. Because she consented to the search, Anderson's argument that the search of his bedroom was illegal fails.

Second, Anderson argues that, even if the search of the house was valid, the search of the safe violated his Fourth Amendment Rights. The Fourth Amendment protects privacy rights where there is a subjective expectation of privacy and society accepts that expectation as objectively reasonable. California v. Greenwood, 486 U.S. 35, 39 (1988). Here, it is undisputed that the agents could not rely on Turner's consent to search the safe and Anderson had a reasonable expectation of privacy in the safe. The government contends, however, that Anderson voluntarily abandoned any interest in the safe through his repeated denials of ownership, and, thus, it was not subject to Fourth Amendment protection, and the agents did not need a warrant or consent to validly search it. See Abel v. United States, 362 U.S. 217, 241 (1960).

Anderson argues that the District Court erred in finding he had abandoned the safe because his initial statements denying ownership of the safe were solicited in violation of Miranda and his Fifth Amendment rights and therefore should have been suppressed and

4

his post-<u>Miranda</u> statements denying ownership should also have been suppressed as involuntary and the fruit of coercive police behavior. We need not decide if Anderson's initial statements should have been suppressed. Even if these statements were suppressed, Anderson later received a <u>Miranda</u> warning and voluntarily continued to deny ownership or knowledge of the safe. These later statements are admissible and, taken alone, constitute abandonment under <u>Abel</u> and justify the search of the safe. <u>See</u> <u>Oregon v. Elstad</u>, 470 U.S. 298, 314 (1985). Accordingly, the evidence found in the safe is admissible.

For the foregoing reasons, we will affirm the denial of the motion to suppress and uphold the jury's verdict of conviction.

_____